SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00263-MO** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TIMOTHY JEFFREY MONAHAN,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his conduct distributing controlled substances to individuals under the age of 21. Pursuant to a plea agreement, he pled guilty to Count One of the indictment. The government has agreed to recommend the low-end of the calculated guideline, here, not more than 30 months' imprisonment, followed by a term of supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

# I. SENTENCING CALCULATIONS

## A. Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG §2D1.2(a)(3) | Drug Offenses Involving Underage Individuals | **BOL=26** |
| USSG §3B1.1(c) | Aggravating Role as a Leader or Organizer | +2 |
| | **Adjusted Offense Level** | **28** |
| USSG §3E1.1 | Acceptance of responsibility | -3 |
| 18 U.S.C. § 3553(a) | Early Resolution Variance | -2 |
| | **Total Offense Level** | **23** |

The government has agreed to recommend several reductions as detailed in the confidential supplement to the PSR, including a three-level reduction for acceptance of responsibility. After these reductions, the government calculates  the guideline range to be 30-37 months' imprisonment. The PSR correctly calculates defendant's criminal history category I (zero points).

Pursuant to the plea agreement, the government has agreed to recommend a two-level downward variance for all 3553(a) factors including defendant's early resolution of the case with no motions or needless delay. The government recommends a sentence not to exceed 30 months' custody followed by a term of supervised release. The plea agreement allows for defendant to seek additional 3553(a) reductions. The government defers to the Courth whether any further reductions are necessary to achieve a sufficient sentence for an individual who led an online scheme that distributed drugs to minors.

/ / / /

/ / / /

### B. The Recommended Sentence

Pursuant to the plea agreement, the government recommends a low-end sentence of 30 months' imprisonment to be followed by a term of supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II. ARGUMENT

### A. Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 22-31. In summary, the defendant was identified as the leader of a drug distribution scheme advertising through a Telegram channel. The defendant oversaw at least three runners, who received a percentage of the sales in exchange for their delivery of a variety of controlled substances to a customer base of primarily young women aged 14 to 20 years old.

In January 2024, investigators with the Clackamas County Interagency Task Force received information from a source of information that a Telegram user under the name "Yokai" was selling various controlled substances, including LSD, cocaine, ketamine, DMT, psilocybin mushrooms, marijuana products, vape products, and alcohol.

In February 2024, investigators conducted a controlled purchase using a confidential informant ("CI-1"). CI-1 contacted the defendant via Telegram and requested to purchase cocaine. CI-1 met a runner at a location in Clackamas County, Oregon, and received approximately 3.5 grams of a substance that tested presumptively positive for cocaine. Later in February 2024, investigators conducted a second controlled purchase by contacting the defendant via Telegram, with an investigator acting in the capacity of an undercover agent. Investigators again met with the runner at a location in Clackamas County, Oregon and seized approximately 4.8 grams of cocaine, including packaging.

On May 2, 2024, investigators arrested one of defendant's drug runners. This individual stated defendant had sold the runner drugs when the runner was 18. The individual explained defendant then recruited the individual to work for him delivering drugs to defendant's customers. The runner told investigators defendant's customers were mostly young women ages 14-20 years old. PSR ¶ 25.

On June 7, 2024, investigators arrested defendant following a traffic stop. During his post-Miranda interview, he admitted there was a firearm in his car and consented to a search that resulted in the seizure of the firearm and 5.8 grams of psilocybin mushrooms. He provided the code to his safe containing $100,000 in cash, and told the officers where to find additional firearms and narcotics. He admitted to the scheme using three other individuals to distribute controlled substances, and described the roles and methods used to distribute drugs to others, including minors. He admitted trading drugs for sexual favors (acts, and images), and how he used SnapChat to facilitated his crimes, however defendant had deleted the SnapChat application from his phone.

During a search of defendant's residence, investigators lawfully seized two firearms, 49.4 gross grams of cocaine, 11 Adderall pills, unused marijuana vape cartridges, scales, packaging materials, a money counter, and $106,300 in U.S. currency.

**B. 30 Months' Imprisonment is Sufficient but Not More than Necessary**

Defendant was a leader/organizer within the larger drug conspiracy. He used an application to vet his drug customers to avoid selling to law enforcement. He negotiated the terms of the drug deals (drug type, quantity, and price) and dispatched others to deliver the drugs to the drug customers including minors. Defendant traded sexual favors (acts and images) for drugs.

Defendant does not qualify for the safety valve because he was a leader/organizer of the scheme. He is further disqualified for this reduction because he possessed firearms during the offenses. These factors also disqualify defendant for the zero point offender reduction. There were significant cash seizures (drug proceeds) that defendant should forfeit as part of his sentence.

After all other reductions, including a three-level reduction for acceptance of accountability, and an agreed upon two level variance, defendant's offense level has been effectively reduced to a level 19. With a criminal history category of I, the government's 30-month sentence is at the low end of that range.

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the large quantities of drugs he possessed with intent to distribute to others, including minors for profit. For these reasons, in addition to those detailed in the government's confidential supplement to the PSR, a sentence of 30 months' imprisonment and six years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

## III. CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 30 months' imprisonment, order defendant to pay a $100 fee assessment, forfeit the cash seized ($106,300) followed by term of supervised release, subject to the standard conditions.

Dated: October 16, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney